# Walk, Appellant, *v.* Local Union No. 830, United Mine Workers of America.

*Equity practice—Decree nisi—Exceptions—Rule 71.*

In a bill in equity to determine compensation due plaintiff for loss of wages, the decree nisi awarded plaintiff $900.00 damages, but directed that he pay the costs. Plaintiff excepted to that part of the decree which charged him with the costs. The court sustained the exception but at the same time reduced the amount of the decree in the sum of $100.00.

It was error for the court, in sustaining the exceptions, to reduce the amount of the award. Under Equity rule No. 71 exceptions to a decree nisi may be sustained or dismissed in whole or in part, and the decree changed accordingly. As the only part of the decree challenged by the exception was the imposing of costs on the plaintiff, and this exception was sustained, nothing else remained for determination by the court. There was no notice to the plaintiff that any other subject was before the court and a review of the former adjudication was not brought up except as to the costs.

Argued April 21, 1927. Appeal No. 182, April T., 1927, by plaintiff from decree of C. P. Cambria County, June T., 1925, No. 8 Equity Docket, in the case of Richard D. Walk v. Local Union No. 830, United Mine

Workers of America.　Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.　Modified.

Bill in equity to determine compensation for loss of wages.　Before Evans, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered a decree nisi awarding the plaintiff $900.00 damages, but directing that he pay the costs.　Subsequently exceptions to the imposition of costs were sustained, but the award was reduced to $800.00.　Plaintiff appealed.

*Error assigned* was in reducing the amount of the award.

*J. J. Kintner,* of *Stephens & Kintner,* for appellant.

*Peter P. Jurchak,* and with him *Frank J. Hartmann,* for appellee.

Opinion by Henderson, J., July 8, 1927:

The decree nisi in this case was filed November 17, 1926.　It awarded to the plaintiff damages to the amount of $900 and directed that he pay the cost of the proceeding.　On December 6, 1926, the plaintiff's attorney obtained leave to file an exception nunc pro tunc to that part of it which charged the plaintiff with the costs.　The only question before the court therefore under the equity practice was whether the plaintiff should be so charged.　After argument the court sustained the exception and awarded cost to the plaintiff, but at the same time reduced the amount of the decree $100.　From that decree the plaintiff appeals. We have examined the record and are unable to find support for a change in the amount decreed to the plaintiff.　If no exceptions had been filed, all objections

would be deemed to have been waived and the decree nisi would have been entered as the final decree by the prothonotary as of course. (Equity Rule 70.) Under Rule 71, if exceptions are filed they are to be sustained or dismissed in whole or in part and the decree nisi is to be changed accordingly. As the only part of the decree challenged by the exception was the imposing of costs on the plaintiff and this exception was sustained, nothing else remained for determination by the court. There was no notice to the plaintiff that any other subject was before the court and a review of the former adjudication was not brought up except as to the costs. We are of the opinion that the plaintiff is entitled to the amount of the decree as originally fixed by the court. It is therefore reinstated as the final decree at the cost of the appellee.